IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

Case No.: 4:20-cv-10129-JLK

IN RE:

PETITION OF MICHAEL A. MARTINEZ, as
Owner of and for a 2019 22' Cape Horn,
hull identification number FAB220789919, her
engines, tackle and appurtenances,

Petitioner.
_____/

## ORDER GRANTING CLAIMANT/DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Claimant/Defendant Eric Reynolds' Motion to Dismiss (DE 10), filed December 22, 2020. The Court has also considered Petitioner Michael Martinez's Response in Opposition (DE 11), filed January 5, 2021, and Reynolds' Reply Brief (DE 12), filed January 22, 2021. The Court held full and complete oral argument *via* Zoom on February 18, 2021, wherein the Court took the matter under advisement.

### I.  BACKGROUND

This matter arises from a two-boat collision on December 30, 2019 in the waters off Key Largo, Florida, involving a 22-foot Cape Horn vessel owned and operated by Petitioner Michael Martinez, and a 32-foot Contender vessel owned and operated by Claimant Eric Reynolds. Liability for the collision is disputed. Both Martinez and Reynolds suffered injuries and pursued injury claims against each other. On January 24, 2019, Reynolds, through his liability insurer's appointed attorneys, filed a Petition for Limitation of Liability, case No.: 4:20-cv-10009-JLK. Martinez filed his injury claim against Reynolds in that Limitation action, and Reynolds filed his

injury claim against Martinez as a compulsory counterclaim to Martinez's claim in the Limitation action.

A settlement agreement was entered whereby Reynolds' insurer, Geico Marine Insurance, tendered Reynolds' policy limits to Martinez and the injured passengers on Martinez's vessel, all of which had claims against Reynolds, in exchange for a release of all actions and causes of action that could or should have been brought against him in connection with the subject boat crash. On September 21, 2020, Martinez signed a release which released Reynolds from all future actions of any manner, related in any way to the collision.

The settlement agreement and release, at paragraph 2 and in pertinent part, releases Reynolds: "Of and from all manner of action and actions, cause and causes of action, claims the party hereto made, could or should have made . . . known or unknown, in admiralty, law or equity, presently existing or which might arise or be discovered in the future . . . arising out of or resulting from the Incident and/or Limitation Action." *Id*. The settlement agreement also states that Martinez preserves his defenses to Reynolds' negligence claim, including but not limited to comparative negligence.

The Notice of Settlement was thereafter filed, and this Court entered an Order on the Notice of Settlement on October 22, 2020. [D.E. 69, case No.: 4:20-cv-10009-JLK]. Martinez does not dispute that he signed the release at issue and accepted the settlement funds from Reynolds.

The issue is whether Martinez's Petition for Exoneration or Limitation of Liability is barred by the settlement agreement and release Martinez signed weeks prior to filing his Petition. Martinez released Reynolds from "all manner of action and actions, cause and causes of action" that could have been brought by Martinez in connection with the subject boating collision. The

Court must decide whether Limitation of Liability is a manner of action and/or cause of action, encompassed by the plain language of the release Martinez signed.

## II. DISCUSSION

An action for Exoneration or Limitation of Liability, such as the Petition Martinez has filed, is a civil action arising in admiralty law. The unambiguous language of the release clearly establishes the parties' assent to release Reynolds from "all manner of action" and "causes of action," arising "in admiralty," and "which might arise in the future," in connection with the subject boating collision. Martinez's Petition is exactly the kind of action that Martinez expressly released. As such, Martinez's Petition is barred by the release and must be dismissed with prejudice.

Limitation of liability dates back to shortly after the middle ages, when European seafaring nations developed a rule of maritime law that enabled shipowners to limit their liability to the value of the ship and its cargo. *Esta Later Charters, Inc. v. Ignacio*, 875 F.2d 234, 235 (9th Cir. 1989). The rationale for this rule, as explained by Grotius in 1625, was that: "Men would be deterred from employing ships, if they lay under the perpetual fear of being answerable for the acts of their masters to an unlimited extent. . . . [This would not be] conducive to the public good." *Id*. at 235 n.1, citing H. Grotius, *De Jure Belli ac Pacis* 139 (1625) (Campbell transl. 1901), quoted in Eyer, *Shipowners' Limitation of Liability—New Directions for an Old Doctrine,* 16 Stan. L. Rev. 370, 371 (1964). The concept of limitation of liability came to English admiralty law in the eighteenth century to increase the number of ships in the English merchant fleet and encourage investment in shipping and trade.

Limitation of liability was first adopted in the United States of America in 1851 as the Limitation of Shipowners' Liability Act, 46 U.S.C. App. §§ 181–88, to encourage investment in

3

the domestic commercial shipping industry. "Because the Act was 'badly drafted even by the standard of the time,' the Supreme Court codified a procedure for its implementation in Rule F of the Admiralty Rules." *Magnolia Marine Transp. Co. v. Okla.*, 366 F.3d 1153, 1155 (10th Cir. 2004) (quoting 2 Thomas J. Schoenbaum, Admiralty & Maritime Law § 15-1, p. 136 (2d ed. 1994)).

The Act, codified at 46 U.S.C. chapter 305, provides the general rule that a shipowner may limit his liability for any damage, injury or loss to the value of his interest in the ship and its freight. *Esta Later Charters, Inc.*, 875 F. 2d at 236. In conjunction with Federal Rule of Civil Procedure Supplemental Rule F, the Act gives a shipowner an opportunity unique to maritime law, to file a complaint or petition in the federal district court and request that the shipowner's liability be limited to the post-casualty value of the vessel plus any pending freight. *See id.* When a shipowner brings a petition for exoneration or limitation of liability, all claimants are required to file their claims against the shipowner in an expedited period of time, in a single federal proceeding, and a stay order is effected in all matters related to the accident. *See* Fed. R. Civ. P. Supp. Rule F(3); *Jung Hyun Sook v. Great Pac. Shipping Co.*, 632 F.2d 100, 103 (9th Cir. 1980).

A shipowner will not be entitled to limitation of liability if the shipowner had privity and knowledge before the start of the voyage of the acts of negligence or conditions of unseaworthiness that caused the accident, or if the ship was unseaworthy due to incompetent crew or faulty equipment. *Hercules Carriers, Inc. v. Claimant State of Fla., Dep't. of Transp.*, 768 F.2d 1558, 1563 (11th Cir. 1985). The determination of whether a shipowner is entitled to limit his liability involves a two-step analysis: "First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness." *Id.*

(quoting *Farrell Lines, Inc. v. Jones*, 530 F.2d 7 (5th Cir. 1976)). "[O]nce a claimant satisfies the initial burden of proving negligence or unseaworthiness, the burden of proof shifts to the shipowner to prove the lack of privity or knowledge. *Id.* (citing *Coryell v. Phipps*, 317 U.S. 406, 409 (1943)).

A petition or complaint for exoneration or limitation of liability is defined as a cause of action by 46 U.S.C. § 30511(a). "The owner of a vessel may bring a *civil action* in a district court of the United States for limitation of liability under this chapter." *Id*. (emphasis added). The cause of action has a 6-month statute of limitations: "Not later than six months after receipt of a claim in writing, any vessel owner *may file a complaint* in the appropriate district court . . . for limitation of liability pursuant to statute." Fed. R. Civ. P. Supp. F(1) (emphasis added).

In the case at hand, Martinez has filed a petition/complaint for limitation of liability despite having signed a release whereby he agreed not to bring any future action or causes of action, in any manner, arising in admiralty or law, stemming from the subject boat collision. Martinez cannot circumvent the purpose and effect of the settlement agreement and release, which was to ensure that Reynolds would have no further legal action instigated against him in any way in connection with the accident, by claiming that his petition is merely a "defense." Martinez can certainly defend Reynolds' injury claim through the use of affirmative defenses available under the law. However, Martinez cannot file a complaint for limitation after settling with Reynolds, accepting the settlement funds from Reynolds, and unequivocally releasing Reynolds from all future claims in law or admiralty.

A release is a contract, and "the rules of contract interpretation under Federal maritime law and Florida law are identical." *F.W.F., Inc. v. Detroit Diesel Corp.*, 308 F. App'x 389, 392 (11th Cir. 2009). Moreover, the law recognizes that "[t]he legal system favors the settlement of disputes

by mutual agreement between the contending parties." *Utils. Comm'n of City of New Smyrna Beach v. Fla. Pub. Serv. Comm'n*, 469 So. 2d 731, 732 (Fla. 1985). Indeed, the "public policy of the State of Florida, as articulated in numerous court decisions, highly favors settlement agreements among parties and will seek to enforce them whenever possible." *Sun Microsystems of Ca., Inc. v. Eng'g & Mfg. Sys.*, 682 So. 2d 219, 220 (Fla. 3d DCA 1996).

In the case at hand, there is a valid settlement agreement and release signed by Martinez, in which Reynolds agreed to pay money to Martinez in exchange for a release from Martinez. The settlement money was paid to and accepted by Martinez. The plain language of the release precludes Martinez's claim.

### III.     CONCLUSION

Martinez's Petition for Limitation of Liability is a civil action in admiralty and was specifically released by Martinez in the settlement of his claim against Reynolds. Thus, the Petition at issue was filed in breach of the binding settlement and release.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** as follows:

1.     Claimant Eric Reynolds' Motion to Dismiss or Strike Martinez's Petition **(DE 10)** be, and the same is, hereby **GRANTED**;

2.     Petitioner Michael Martinez's Petition for Exoneration or Limitation of Liability is hereby **DISMISSED WITH PREJUDICE**.

3.     Having reserved jurisdiction in *IN RE: PETITION OF ERIC REYNOLDS (case No.: 4:20-cv-10009-JLK)* to enforce the settlement and rule on Reynolds' Amended Motion for Leave to File Claims in State Court, in light of the instant dismissal with prejudice of Martinez's Petition, and pursuant to the savings to suitors clause, Reynolds' Amended Motion for Leave to File Claims in State Court is hereby **GRANTED**;

4. Reynolds shall file his injury action against Martinez in the appropriate State Court;

5. The Clerk shall **CLOSE** this case; and

6. The Court reserves jurisdiction and ruling on Claimant Eric Reynolds' Motion for Rule 11 Sanctions against Martinez (DE 15).

**DONE and ORDERED** in chambers at Miami-Dade County, Florida, this 4th day of March, 2021.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc: All counsel of record**